IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                   Cr. No.   20-20142-TLP

QUINTORIS SUTTON,

       Defendant.

---

### MOTION TO SUPPRESS AND MEMORANDUM IN SUPPORT OF MOTION

---

COMES NOW the Defendant, Quintoris Sutton, and moves this Honorable Court for leave to file this motion out of time, attaches his proposed motion to suppress and says.

Mr. Sutton has sought to negotiate a settlement of this case. This has not come to fruition. Note that Counsel has attempted to visit Mr. Sutton on two separate occasions without success. Mr. Sutton has now been moved to FCI Memphis, making visits even more difficult. Now, upon further review of new counsel, he seeks an order suppressing the search of his home.

FACTS

On, November 8, 2019, officers claimed to have obtained a search warrant for the home of Mr. Quintoris Sutton. It is of note that the warrant presented in discovery was not a "no-knock warrant." Officers arrived at said premises around 8:00 a.m. Officers did not approach the home to serve a warrant. Rather, they waited outside the home and saw Ms. A. Edwards exit the home with her three school aged children, presumably to drive them to school. Officers again did not go to the residence to serve this warrant. Instead, they followed Ms. Edwards. Soon after they stopped her vehicle. Their stated reason for the stop was "no seatbelt." Again, of note, Ms. Edwards was

not issued a ticket. Instead she was detained for a prolonged period of time, her children witnessing the entire process. By means of threats and coercion, she ultimately gave officers permission to search her home, and surrendered her house key to the officers.

Officers returned to the home and used this key to enter the home, where they encountered Mr. Sutton still asleep and undressed. They drew weapons and proceeded to detain Mr. Sutton. Without showing a warrant, they searched the premises and found contraband in the form of firearms and heroin/fentanyl. Mr. Sutton challenges the warrant itself, the voluntary nature of the consent, the reasonableness of the search and ultimate seizure of contraband.

Law and Argument

1. The search warrant lacks the required probable cause to search

A search warrant should only be issued on probable cause. (U.S. Const., Amend. IV) Probable cause for a search warrant is usually set forth in a sworn affidavit by a law enforcement officer to a judge.   The affidavit must provide a substantial basis from which a magistrate can reasonably conclude there is a fair probability that the place to be searched contains contraband or evidence of a crime. (Illinois v. Gates (1983) 462 U.S. 213, 238.) Mr. Sutton challenges the validity of the search warrant. Specifically, Mr. Sutton challenges the assertion that a confidential informant purchased narcotics from him within 5 days of the signing of the warrant. Other statements in the warrant such as Mr. Sutton entering and exiting the home using the back door, and driving without a valid license, do not create probable cause to search his home. He holds the government to its full burden to show that a reliable confidential informant purchased heroin and or fentanyl from him within 5 days of the signing of the warrant. Absent such a finding, the warrant fails for lack of probable cause.

2. Ms. Ayofemi Edwards did not voluntarily consent to the search of her home

[2]

Mr. Sutton asserts that law enforcement entered the residence based upon the coerced consent of Ayofemi Edwards. Mr. Sutton asserts that obtaining a key to enter and search a residence is tantamount to obtaining consent to search.   The government bears the "burden, by a preponderance of the evidence, to show through 'clear and positive testimony'" that any purported consent was valid and voluntary.   United States v. Worley, 193 F.3d 380, 385 (6th Cir. 1999) (quoting United States v. Riascos-Suarez, 73 F.3d 616, 625 (1996)).   The Sixth Circuit has noted "that not any type of consent will suffice, but instead, only consent that is 'unequivocally, specifically, and intelligently given, uncontaminated by any duress and coercion.'"   Id. at 386 (quoting United States v. Tillman, 963 F.2d 137, 143 (6th Cir. 1992)).   Factors that the court should consider in assessing whether consent was invalid include "'the age, intelligence, and education of the individual; whether the individual understands the right to refuse consent; whether the individual understands his or her constitutional rights; the length and nature of detention; and the use of coercive or punishing conduct by the police.'"   Id.; see also, e.g., United States v. Lucas, 640 F.3d 168, 174 (6th Cir. 2011) (same).   Mr. Sutton holds the government to its burden to demonstrate voluntary and knowing consent and does not concede the issue in any way. Mr. Sutton therefore requests that the Court exclude any evidence resulting from the government's search of his home. Courts routinely apply the exclusionary rule and suppress evidence when the disputed items are discovered as the result of an unconstitutional entry into a residence.   See, e.g., Chambers, 395 F.3d at 570; see also generally United States v. Quinney, 583 F.3d 891, 894-95 (6th Cir. 2009)

3. <u>Law enforcement officers circumvented the knock and announce requirement by coercing consent from Ms. Ayofemi Edwards</u>

Mr. Sutton expects the government to deny that consent was obtained, or even necessary. If that is their position, then why stop and harass Ms. Edwards? What possible advantage did

[3]

officers gain by engaging in this conduct? The only logical conclusion seems that law enforcement sought to avoid the knock and announce requirement.

Even if officers here obtained a valid warrant, that warrant did not permit an unannounced entry. To satisfy the Fourth Amendment's Reasonableness Clause, officers not only must obtain a valid warrant, but they also must conduct the search in a reasonable manner. U.S. Const. Amend. 4. Mr. Sutton challenges the reasonableness of the entry and search of his home. See United States v. Watson, 63 F. App'x. 216 (6th. Cir. 2003). There a named informant reported that Mr. Watson was engaged in the sale of illegal drugs. Based upon the informant's information, officers obtained a search warrant and located contraband. On appeal, the Court concluded that the officers executing the search warrant were not confronted by exigent circumstances sufficient to justify their entering the apartment without knocking and announcing, and because the warrant upon which they were proceeding was not a "no-knock" warrant and they had no basis for relying upon the good faith exception announced in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Id.

True enough, the failure of officers to adhere to the knock and announce requirement, standing alone, is not sufficient to mandate exclusion of the evidence. Hudson v. Michigan, 547 U.S. 586, (2006) However, the Court there relied heavily upon notions of increased professionalism of law enforcement, supposed evidence that police forces across the United States take the constitutional rights of citizens seriously, and "wide-ranging reforms in the education, training, and supervision of police officers." Id. Some 14 years later, given the advent of citizens' cell phone videos and following the deaths of Breonna Taylor, George Floyd, and countless others, perhaps it is time to revisit those notions and this issue.

[4]

**WHEREFORE, PREMISES CONSIDERED**, the Defendant, Quintoris Sutton, respectfully requests that this Court accept this motion out of time and grant his motion to suppress.


Respectfully Submitted,

DORIS RANDLE-HOLT
FEDERAL DEFENDER

s/ MARY C. JERMANN-ROBINSON
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895




## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to Ms. Jennifer Musselwhite, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103.

s/ MARY C. JERMANN-ROBINSON
Assistant Federal Defender