IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                            Cr. No.   20-20142-TLP

QUINTORIS SUTTON,

        Defendant.

_____

**CORRECTED SUPPLEMENT TO MOTION TO SUPPRESS
AND REQUEST FOR FRANKS HEARING**
_____

      COMES NOW the Defendant, Quintoris Sutton, and supplements his motion to suppress as follows:

Supplemental Facts

      Mr. Quintoris Sutton affirmed to Defense Counsel that at no time did he sell Fentanyl from the home at 3381 E. Rosita Circle, Memphis, Tennessee. This information, that is, that he sold Fentanyl to a confidential informant, was used in order to procure a search warrant. Note that there is no information in the discovery disclosure, separate from the affidavit in support of the warrant, concerning a sale of drugs to any confidential informant at any time, let alone within 5 days of the alleged service of a warrant.

      Further, following the status conference in this matters, Defense Counsel interviewed potential witness Ayofemi Edwards. Ms. Edwards reported that on the date of Mr. Sutton's arrest she was stopped by police in a Dodge Truck, while driving her children to school. Her three children aged 15, 13 and 10, were in the car. Officers aver that the stop was made upon seeing Mr.

Edwards was not wearing a seat belt. Further they state in charging documents that she volunteered her key to help them serve the warrant. One such document states that she opened the door for them. Mr. Edwards will make affidavit that she was wearing her seatbelt, did not surrender her key and was basically held prisoner until after the search of the premises in question.

Affidavits in support of these positions are forthcoming.

<u>Supplemental Law and Argument in Support of Request for a Franks Hearing</u>

The officers could not reasonably rely upon the warrant in the discovery disclosure in good faith. The Leon decision identified four specific situations in which an officer's reliance on a warrant could not be considered to be objectively reasonable: (1) when the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information; (2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; (3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and, (4) when the warrant is so facially deficient that it cannot reasonably be presumed to be valid.  See Leon, 468 U.S. at 914-23.  In his original motion, Mr. Sutton argued that the warrant could not be relied on as it fails to make out legitimate probable cause for a search. Upon further consideration, he now moves the Court for a hearing on that motion. It is of note that Officer Bond authored the affidavit in support of the warrant and was the primary officer in the alleged service of the warrant. As such, he can in no way take the position that he relied on the warrant in good faith.

The Supreme Court in Franks v. Delaware established that a search violates the Fourth Amendment if it were conducted pursuant to a warrant issued by a magistrate who was misled by information in an affidavit, provided that the affiant knew the information was false or would have known it was false except for his reckless disregard for the truth.  Franks v. Delaware, 438 U.S.

154, 171 (1978). Counsel maintains that she has made prima facie showing that Mr. Sutton's Fourth Amendment Rights were violated, specifically that the warrant submitted failed for lack of probable cause, and that officer's treatment of Ms. Edwards and her children in order to serve the warrant was per se unreasonable. Out of an abundance of caution, Counsel submits this request for an opportunity to make the case for a Franks hearing.

A defendant is entitled to a Franks hearing to attack an affidavit's veracity if he can make a "substantial preliminary showing" that (1) the affiant knowingly or recklessly included a false statement in—or omitted material information from—the affidavit, and (2) the allegedly false statement or material omission "is necessary to the probable cause finding." United States v. Rose, 714 F.3d 362, 370 (6th Cir. 2013) (citing Franks, 438 U.S. at 171-72). The defendant must "point to specific false statements that he claims were made intentionally or with reckless disregard for the truth" and "accompany his allegations with an offer of proof." United States v. Bennett, 905 F.2d 931, 934 (6th Cir. 1990) (citing Franks, 438 U.S. at 171). If the defendant succeeds in making this preliminary showing and a Franks hearing reveals a material falsehood or omission, evidence obtained as a result of the search warrant must be suppressed. Franks, 438 U.S. at 156.

Suppression is warranted where officers are dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant, Quintoris Sutton, respectfully requests that this Court permit her time to supply affidavits to make a substantial showing of the need for a Franks hearing, and after that time, to grant this motion and set the matter for a hearing.

[3]

Respectfully Submitted,

DORIS RANDLE-HOLT
FEDERAL DEFENDER

s/ MARY C. JERMANN-ROBINSON
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to Ms. Jennifer Musselwhite, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103.

s/ MARY C. JERMANN-ROBINSON
Assistant Federal Defender